UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL McGORE,

                Plaintiff,                Case No. 2:26-cv-11224

v.                                  Honorable Susan K. DeClercq
                                   United States District Judge

OLIVETTE CORPORATION, JOHN
DOE, and JANE DOE,

                Defendants.

_____/

**OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT (ECF No. 1), DENYING AS MOOT PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2), AND DENYING AS MOOT PLAINTIFF'S MOTION TO ADD AND AMEND (ECF No. 4)**

On April 14, 2026, Plaintiff Darryl McGore—currently incarcerated at the Carson City Correctional Facility—filed this *pro se* complaint against the Olivette Corporation, and John Doe and Jane Doe "product employers."[1] ECF No. 1. Along

---

[1] McGore's handwritten pleadings are not entirely legible, but it appears he is attempting to sue a product manufacturer or seller, and its employees, for incorrectly labeling ingredients within a food product under 42 U.S.C. § 1983. *See* ECF No. 1 at PageID.1–4. But it does not appear the defendant corporation and its employees are state actors, thus they are not able to be sued under 42 U.S.C. § 1983. *See Phelps v. B.M.I. Broad. Music, Inc.*, 234 F.3d 1269 (6th Cir. 2000) (noting a private corporation and its employees are not state actors under § 1983 and thus may not be sued under that statute); *Crowder v. Yost*, No. 3:21-cv-103, 2021 WL 4148104, at *7 (S.D. Ohio Sept. 13, 2021) (explaining that absent allegations of a sufficiently close nexus between a private actor and state actor, a private actor is not a state actor).

with his Complaint, McGore also filed a prisoner trust fund account statement—which this Court will liberally construe as an application to proceed *in forma pauperis*—and a "Motion to Add and Amend 42 U.S.C. § 1983 Federal Civil Rights Lawsuit," which appears to attempt to add additional defendants. ECF Nos. 2; 3.

Under the Prisoner Litigation Reform Act of 1995 (PLRA), a prisoner may not proceed *in forma pauperis* if, on three or more previous occasions, a federal court has dismissed earlier complaints filed by the prisoner for frivolity, maliciousness, or failing to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g). The statute provides a narrow exception to this "three-strikes rule" only when the prisoner is "under imminent danger of serious physical injury." *Id.*

Here, federal courts have dismissed at least three of McGore's prior complaints for frivolity, maliciousness, or failure to state a claim. *See, e.g., McGore v. Mich. Sup. Ct. Judges*, No. 1:94:CV:517, 1995 U.S. Dist. LEXIS 22242, at *3 (W.D. Mich. Jan. 25, 1995); *McGore v. Nardi*, No. 2:93-cv-137, 1993 U.S. Dist. LEXIS 21363, at *2 (W.D. Mich. Aug. 2, 1993); *McGore v. Stine*, No. 2:93-CV-112, 1993 U.S. Dist. LEXIS 21388, at *1 (W.D. Mich. July 26, 1993); *McGore v. Stine*, No. 2:93-CV-77, 1993 U.S. Dist. LEXIS 21362, at *1 (W.D. Mich. Apr. 30, 1993).[2] In fact, McGore has been denied leave to proceed *in forma pauperis* due to

---

[2] The fact that most, if not all, of McGore's cases were dismissed before the enactment of the PLRA does not mean that they cannot be the basis to deny McGore

those dismissals numerous times. See *McGore v. U.S. Sup. Ct. Justices*, No. 2:19-cv-244, 2019 U.S. Dist. LEXIS 214825, at *4 (W.D. Mich. Dec. 13, 2019) (stating that McGore "previously has been denied leave to proceed *in forma pauperis* on more than 50 occasions for having three strikes").

Additionally, McGore has not alleged any facts that would establish that he is in imminent danger of serious physical injury. Indeed, McGore's allegations appear to relate to a past incident involving the labeling of ingredients in a food product. *See generally* ECF No. 1. And, because this Court concludes that an appeal would not be taken in good faith, McGore will be denied leave to proceed *in forma pauperis* on appeal. 28 U.S.C. § 1915(a)(3).

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE.**

Further, it is **ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis*, ECF No. 2, is **DENIED AS MOOT.**

Further, it is **ORDERED** that Plaintiff's Motion to Add and Amend, ECF No. 4, is **DENIED AS MOOT**.

---

permission to proceed without prepayment of fees or costs because there is no impermissible effect in applying the three strikes provision contained in § 1915(g) to complaints filed prior to 1996, when the PLRA was enacted. *See Wilson v. Yaklich*, 148 F.3d 596, 602–03 (6th Cir. 1998). Indeed, dismissals of actions entered before the effective date of the PLRA may be counted towards the "three strikes" inmates under the PLRA to preclude them from proceeding *in forma pauperis* in a civil action. *Id.* at 604.

- 4 -

Further, it is **ORDERED** that Plaintiff is **DENIED** leave to proceed *in forma pauperis* on appeal because an appeal of this matter would not be taken in good faith.

**This is a final order and closes the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: April 27, 2026